IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY R. SUTHERLAND,<br><br>    Petitioner,<br><br>    vs.<br><br>NEIL H. ADLER, et al.,<br><br>    Respondents.<br>_____/ | CASE NO. CV F 08-01619 LJO WMW HC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENTS** |

On October 27, 2008, Ashley R. Sutherland ("Petitioner"), a *pro se* California federal prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").[1] On May 1, 2009, Neil H. Adler ("Respondent") filed an Answer to the Petition. On May 11, 2009, Petitioner filed a Traverse to the Answer. Thus, this matter is ready for decision.

**PROCEDURAL HISTORY**

On March 7, 2006, the United States District Court for the District of New Mexico sentenced Petitioner to 120 months for violating 21 U.S.C. § 841(b)(1)(B), possession with intent to deliver marijuana. (Answer Ex. 1 at 3.) On August 18, 2006, Petitioner was committed to the custody of the Bureau of Prisons ("BOP"). (*Id.*) Petitioner is projected for release on July 25, 2013, via Good Conduct

---

[1] Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

1

Time Release. (*Id.*)

## **JURISDICTION & VENUE**

Petitioner, currently incarcerated at Taft Correctional Institution ("TCI") in Taft, California, alleges that the BOP, by regulation, refuses to assess him under 18 U.S.C. § 3621(b)[2] to determine if he is eligible for placement at a Community Corrections Center ("CCC"). (Pet. 1.) Petitioner states this is in violation of § 3621(b), and requests that the Court order the BOP to immediately assess him pursuant to § 3621(b). (*Id.*)

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Motions contesting the legality of a federal conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court. *Id.* at 864; *see* 28 U.S.C. § 2255(a). In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. *Hernandez*, 204 F.3d at 864. Therefore, the Court must first decide whether jurisdiction is proper, i.e., whether the Petition should be considered to have been filed pursuant to § 2241 or § 2255, before it can reach the merits of

---

[2]    Title 18 U.S.C. § 3621(b) states:
Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
   (1) the resources of the facility contemplated;
   (2) the nature and circumstances of the offense;
   (3) the history and characteristics of the prisoner;
   (4) any statement by the court that imposed the sentence--
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
      (B) recommending a type of penal or correctional facility as appropriate; and
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.
18 U.S.C. § 3621(b).

Petitioner's claim. *See id.* at 865-66; *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (*citing Hernandez*, 204 F.3d at 864), *cert. denied*, 127 S. Ct. 1896 (2007).

Here, the Petition is properly filed under 28 U.S.C. § 2241 because Petitioner challenges the manner, location, or conditions of his sentence's execution, i.e., the alleged failure of the BOP to assess his placement at a CCC. *Hernandez*, 204 F.3d at 864; *see also Rodriguez v. Smith*, 541 F.3d 1180, 1181-82 (9th Cir. 2008). As a proper § 2241 petition, the Petition must be filed in the custodial court. *Hernandez*, 204 F.3d at 864. Petitioner's place of incarceration, TCI, is located in Kern County, which is within the venue of this Court. 28 U.S.C. § 84(b).

Accordingly, jurisdiction and venue are proper.

## DISCUSSION

### Statutory & Regulatory Background

There are two statutory bases to transfer an inmate to a CCC. Under 18 U.S.C. § 3621(b), the BOP has *discretionary* authority to transfer an inmate to any available penal or correctional facility at any time *prior* to an inmate's pre-release CCC placement. 18 U.S.C. § 3621(b) ("The Bureau *may* at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.") (emphasis added); *Rodriguez*, 541 F.3d at 1185 ("Section 3621(b) specifically provides that the BOP has discretion to place an inmate into 'any available penal or correctional facility' and to 'direct the transfer of an inmate from one penal or correctional facility to another' 'at any time.'"). When the BOP does exercise its discretion to analyze whether to transfer an inmate, it must consider statutorily enumerated factors in § 3621(b). *See supra* note 2; 18 U.S.C. § 3621(b)(1)-(5); *Rodriguez*, 541 F.3d at 1186 ("[T]he unambiguously expressed intent of Congress conveyed in § 3621(b) . . . expressly instructs that all placement and transfer determinations take into consideration *each* of the five factors enumerated in the statute.").

However, pursuant to 18 U.S.C. § 3624(c), the BOP *must* consider an inmate for *pre-release* transfer to a CCC for up to the final twelve months of his sentence. *See* 18 U.S.C. § 3624(c) ("(1) In general.--The Director of the Bureau of Prisons *shall*, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare

for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.") (emphasis added).

On November 14, 2008, the BOP issued a guidance to staff for considering and responding to inmate requests for routine transfer to CCCs *prior* to the mandatory pre-release assessment. (*See* Answer Ex. 4.) When considering a transfer "prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer." (*Id.* at 2.) In rendering its decision, staff must utilize the five factors outlined in 18 U.S.C. § 3621(b), and staff "cannot, therefore, *automatically* deny an inmate's request for transfer to a RRC.[3] Rather, inmate requests for RRC placement must receive individualized consideration." (*Id.* at 1-2.) The BOP may initiate such transfer at any time, and if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the [inmate's] next scheduled Program Review." (*Id.*)

Petitioner alleges that the BOP, by regulation, refuses to assess him under 18 U.S.C. § 3621(b) to determine if he is eligible for placement at a CCC, and requests that the Court order the BOP to immediately assess him pursuant to § 3621(b). (Pet. 1.)[4] Petitioner specifically challenges the BOP's regulation regarding prison transfers, located at 28 C.F.R. § 570.21. (*See* Pet. 2.)[5] Petitioner states that

---

[3] Respondent states that a RRC, or "Residential Reentry Center," is now the current term for a Community Corrections Center ("CCC"). (Answer 3.) The Court utilizes the terms interchangeably when addressing each party's arguments.

[4] Petitioner states in his Traverse that he "does not 'demand' that 'BOP must' consider him for transfer to a RRC, only that he was routinely requesting such transfer to be considered at his next Program Review." (Traverse 5.) This statement appears to contradict Petitioner's request for relief, that this Court "order [the] BOP to immediately assess him as required by 18 U.S.C. § 3621(b) and, in good faith, to determine whether . . . Petitioner should be transferred to a CCC for the remainder of his sentence." (Pet. 1-2.) To the extent that Petitioner attempts to amend his original claim or to the extent that he now claims he routinely requested a transfer to be considered at his next Program Review (which apparently has not even occurred), Petitioner is barred from doing so. Petitioner did not file a motion for leave to amend his Petition after Respondent filed his Answer and either receive Respondent's consent or the Court's leave. *See* Fed. R. Civ. P. 15(a) (requiring opposing party's consent or the court's leave for amendment filed after responsive pleading served); L.R. 15-220. Furthermore, if instead Petitioner's statement that "he was routinely requesting such transfer to be considered at his next Program Review" is read consistently with his original claim, Petitioner has failed to allege that the BOP has in fact assessed Petitioner for transfer in the past and denied him a transfer, or that the BOP has decided not to assess Petitioner for transfer at his next Program Review.

[5] The current version of 28 C.F.R. § 570.21, effective October 21, 2008, reads:
(a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not

"[b]y federal regulation, BOP does not grant more than 10% of an overall term of imprisonment to be served in a CCC for a period of up to six (6) months, 28 C.F.R. § 570.21, even though Federal law, 18 U.S.C. § 3621(b), allows BOP to designate inmates to CCC facilities at any time." (Pet. 2.)  Petitioner further states that "[d]ue to BOP regulation, Petitioner has not received consideration for placement in a CCC even though an assessment under 18 U.S.C. § 3621(b) would allow placement at any time." (*Id.*)  Petitioner requests that the Court order the BOP to assess him pursuant to § 3621(b), without reference to "BOP policy promulgated in December 2002" and 28 C.F.R. §§ 570.20, 570.21.  (Pet. 3.)

The Court notes that although Petitioner filed his Petition on October 27, 2008, Petitioner signed and dated his Petition on October 17, 2008.  (*See* Pet. 3-4.)  The BOP recently amended 28 C.F.R. § 570.21, and the new version became effective on October 21, 2008, *after* Petitioner signed and dated his Petition, but *before* his Petition was filed in this Court.  *See* Pre-Release Community Confinement, 73 Fed. Reg. 62440 (Oct. 21, 2008).  "[A] prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (*citing Houston v. Lack*, 487 U.S. 266 (1988)); *see* 28 U.S.C. § 2254 R. 3(d) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."); *id.* § 2254 R. 1(b) (permitting use of the Rules Governing Section 2254 Cases in the United States District Courts on habeas petitions not challenging a state-court judgment).  Accordingly, the Court utilizes October 17, 2008, as the date of filing.  (*See* Pet. 3-4.)

Based on the date of filing of the Petition, and Petitioner's arguments in support of his claim, Petitioner challenges the version of 28 C.F.R. § 570.21 effective before October 21, 2008, which stated:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)),

---

to exceed twelve months.
(b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.
(c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.
28 C.F.R. § 570.21 (2008).

5

or shock incarceration program (18 U.S.C. 4046(c)).

28 C.F.R. § 570.21 (2005). Petitioner's argument focuses on subsection (a) of the prior version, which limits transfer to a CCC "during the last ten percent of the prison sentence being served, not to exceed six months." *Id.* § 570.21(a). Prior to Petitioner's constructive filing of his Petition, several circuit courts of appeal had already rejected this prior version of 28 C.F.R. § 570.21 as inconsistent with 18 U.S.C. § 3621(b), with the Ninth Circuit stating:

> Because the BOP regulations categorically exclude CCC placement of inmates with more than ten percent of their sentences remaining, they necessarily fail to apply the mandatory factors listed in § 3621(b) to those inmates. This failure to consider the five statutory factors when considering eligibility for placement in or transfer to an RRC violates Congress's clear intent that each of these factors be applied in making inmate transfer or placement determinations to "*any* available penal or correctional facility." 18 U.S.C. § 3621(b) (emphasis added).

*Rodriguez*, 541 F.3d at 1187; *see also Wedelstedt v. Wiley*, 477 F.3d 1160, 1161-62 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1091 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244 (3d Cir. 2005).

Respondent advances several reasons for denying Petitioner relief. Respondent first states that jurisdiction under 28 U.S.C. § 2241 is inappropriate because Petitioner is not challenging the fact or duration of his confinement. (Answer 8-13.) However, as discussed *supra*, § 2241 is appropriate because Petitioner challenges the manner, location, or conditions of his sentence's execution. *See Hernandez*, 204 F.3d at 864; *see also Rodriguez*, 541 F.3d at 1181-82.

Respondent also argues that (1) Petitioner has failed to exhaust administrative remedies, (2) his case is moot, and (3) he fails to state a claim. (Answer 13-22.) Because the question of mootness affects this Court's jurisdiction, the Court addresses this argument first.

**Mootness**

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) (*quoting Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings."

*Id.* (citation and internal quotation marks omitted).  In addition, "[t]o satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow*, 464 U.S. at 70.

Respondent argues that the Petition is moot because "Petitioner will be evaluated for routine transfer using the § 3621(b) factors, if he so requests an evaluation, 'in conjunction with the [inmates] [sic] next scheduled Program Review' pursuant to the November 14, 2008 guidance." (Answer 19.) Respondent states that "BOP policy will already provide the relief requested by Petitioner, thus rendering moot his petition." (*Id.* 20.)

Here, Petitioner's claim that the BOP, by regulation, refuses to assess him for a transfer under 18 U.S.C. § 3621(b) is not moot because it still presents a case or controversy that can be redressed by the Court. *Wilson*, 319 F.3d at 479; *see Iron Arrow*, 464 U.S. at 70.  Although there is a question of whether Petitioner provides sufficient evidence to support his claim, *see infra*, he still has a "personal stake in the outcome of the suit," *Wilson*, 319 F.3d at 479, "that can be redressed by a favorable judicial decision," *Iron Arrow*, 464 U.S. at 70, because the BOP may have utilized the prior version of 28 C.F.R. § 570.21 and not assessed Petitioner for a transfer pursuant to 18 U.S.C. § 3621(b).  Neither party has presented evidence that the BOP assessed Petitioner for transfer without reference to the regulations held invalid in *Rodriguez*.  Respondent's arguments for mootness address future events that may provide relief to Petitioner, but do not address any potential harm Petitioner may have already suffered prior to filing his Petition and the relief this Court can give Petitioner in response to this harm, such as ordering the BOP to promptly consider Petitioner for transfer to a CCC without reference to the prior 28 C.F.R. § 570.21.  *See Rodriguez*, 541 F.3d at 1189 (holding BOP's regulations conflict with 18 U.S.C. § 3621(b) and affirming district court's grant of writ of habeas corpus ordering the BOP to promptly consider the petitioner for transfer to a CCC without reference to BOP regulations).

/ / /

/ / /

**Merits**[6]

Although Petitioner's claim is not moot, he fails to provide any evidence that the BOP relied on the prior invalid version of 28 C.F.R. § 570.21. Under 18 U.S.C. § 3621(b), the BOP "*may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another.*" 18 U.S.C. § 3621(b); *see Rodriguez*, 541 F.3d at 1185 (stating the BOP has the discretion to place an inmate in another institution at "any time"). As previously stated, when the BOP does exercise its discretion to analyze whether to transfer an inmate, it must consider statutorily enumerated factors in § 3621(b). *See* 18 U.S.C. § 3621(b)(1)-(5); *Rodriguez*, 541 F.3d at 1186. Petitioner does not show that the BOP relied on the prior regulation, nor does Petitioner address the possibility that the BOP utilized its discretion under § 3621(b) not to consider Petitioner for transfer. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (finding a petitioner's conclusory allegations did not meet the specificity requirement); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

In addition, the mandatory transfer assessment under 18 U.S.C. § 3624(c) is not implicated because Petitioner's projected release date is not until July 25, 2013. *See* 18 U.S.C. § 3624(c) (stating the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the *final months* of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community") (emphasis added).[7]

Accordingly, the BOP's alleged refusal to assess Petitioner prior to the mandatory pre-release

---

[6] To the extent that Petitioner has failed to exhaust administrative remedies, as argued by Respondent, the Court excuses any failure in light of Petitioner's failure on the merits. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995) ("Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."). For the same reason, the Court does not reach Respondent's argument that Petitioner fails to state a claim.

[7] In yet another apparent shift in Petitioner's argument, he states in his Traverse that "[e]ven though [Petitioner] is not contending that [Respondent] is operating pursuant to 28 USC, [sic] §§ 570.20 and 570.21, of the previous published statute, he is however, contending that [Respondent] is operating as if 18 USC, § 3624(c) has a bearing on 18 USC, § 3621(b)." (Traverse 6.) Petitioner's attempt to distance himself from his argument based on the BOP's erroneous use of 28 C.F.R. § 570.21, and to instead argue that the BOP is utilizing 18 U.S.C. § 3624(c) to deny him a transfer, is without merit. As discussed, § 3624(c) is inapplicable because Petitioner is nowhere near the end of his term, which is projected for July 25, 2013.

assessment was not contrary to 18 U.S.C. § 3621(b) because the BOP retains the discretion to consider Petitioner at any time, and Petitioner has not shown that the BOP erroneously relied on the prior version of its regulation at 28 C.F.R. § 570.21. *Rodriguez*, 541 F.3d at 1185.

### Certificate of Appealability

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir.), *cert. denied*, 129 S. Ct. 254 (2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], *see* § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.*

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

### CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES the Petition for Writ of Habeas Corpus with prejudice. The Clerk of Court is ORDERED to enter Judgment for Respondents and to close Case No. CV F 08-01619 LJO WMW HC.

IT IS SO ORDERED.

**Dated:   June 4, 2009**                                    **/s/ Lawrence J. O'Neill**
                                                                              UNITED STATES DISTRICT JUDGE